# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: PAPST LICENSING DIGITAL
CAMERA PATENT LITIGATION**

MDL No. 1880



**FILED**

OCT 1 3 2015

Clerk, U.S. District and
Bankruptcy Courts

### TRANSFER ORDER

**Before the Panel:** Patentholder Papst Licensing GmbH & Co. KG (Papst) moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring six District of Delaware patent infringement actions listed on the attached Schedule A to MDL No. 1880. Defendants[1] oppose the motion.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 1880, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the District of District of Columbia was an appropriate Section 1407 forum for actions sharing factual questions arising from Papst's claims that digital cameras made by certain manufacturers infringe two of its patents, the validity and enforceability of which were at issue in all five actions. *See In re: Papst Licensing Digital Camera Patent Litig.*, 528 F.Supp.2d 1357 (J.P.M.L. 2007). Papst's two patents, United States Patent Nos. 6,470,399 and 6,895,449, were invented by Michael Tasler. The Tasler patents relate, broadly, to an interface device for communication between a host device and another device from which data is to be acquired; many, but not all, of the devices that Papst contends infringe these patents are digital cameras. The actions before us now involve two relatively new Tasler patents – U.S. Patent Nos. 8,504,746 and 8,966,144 – and many of the parties already subject to the MDL No. 1880 proceedings.

Papst contends that transfer is inappropriate because the Delaware actions involve new patents containing new patent claims. While the current actions involve the '746 and '144 Patents, which have not been asserted in the MDL, the parties discussed amending the complaints in the MDL to add these patents but, rather than seek to amend the complaints by motion, Papst filed the Delaware actions in mid-June 2015. The two new patents are continuation patents of the '399 and '449 Patents, which are the patents at issue in the MDL. In addition to involving common parties, common counsel and (in some instances) common accused infringing products or product lines, the actions share questions of

---

[1] Fujifilm Corp., Fujifilm Holdings America Corp., Fujifilm North America Corp., Olympus America Inc., Olympus Corp., JVCKENWOOD USA Corp., JVCKenwood Corp., Canon Financial Services Inc., Canon Inc., Canon U.S.A. Inc., Panasonic Corp., Panasonic Corp. of North America Inc., Nikon Americas Inc., Nikon Corp., and Nikon Inc.

-2-

fact. This is true because the four Tasler Patents share a common specification, similar claim language (*e.g.*, "interface device" and "data transmit/receive device"), have the same named inventor, fall within the same patent family, and relate to the same technological area.

Papst further argues that transfer will slow the resolution of the MDL proceedings. We applaud Papst's newfound concern for the efficient resolution of this litigation,[2] but we are not persuaded by Papst's arguments on this point. Rather than allowing litigation over related patents to proceed against the same parties concerning many of the same or similar products or product lines in two separate districts, we find it preferable to place all related actions before Judge Rosemary M. Collyer, a jurist who is familiar with the parties and technology at issue, to develop a streamlined approach to resolving these cases.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Rosemary M. Collyer  for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION


_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan             Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

---

[2] *See, e.g.,* Memorandum Opinion on Camera Manufacturers' Motion for Sanctions, *In re: Papst*, D. D.C., C.A. No. 07-mc-493, doc. 429 at 8 ("While the threat of litigation alone often achieves royalty payments, the threat of never-ending discovery can induce even larger royalty payments. Frankly, this appears to be Papst's strategy in this case. The Final Contentions are purposefully vague; they were drafted to further Papst's intention to engage in protracted and expensive litigation.") (Feb. 8, 2011).

.

**IN RE: PAPST LICENSING DIGITAL**
**CAMERA PATENT LITIGATION**                                    MDL No. 1880

**SCHEDULE A**

District of Delaware

PAPST LICENSING GMBH & CO. KG v. CANON, INC., ET AL., C.A. No. 1:15-00495
PAPST LICENSING GMBH & CO. KG v. FUJIFILM CORPORATION, ET AL.,
     C.A. No. 1:15-00496
PAPST LICENSING GMBH & CO. KG v. JVCKENWOOD CORPORATION, ET AL.,
     C.A. No. 1:15-00498
PAPST LICENSING GMBH & CO. KG v. NIKON CORPORATION, ET AL.,
     C.A. No. 1:15-00499
PAPST LICENSING GMBH & CO. KG v. OLYMPUS CORPORATION, ET AL.,
     C.A. No. 1:15-00500
PAPST LICENSING GMBH & CO. KG v. PANASONIC CORPORATION, ET AL.,
     C.A. No. 1:15-00501



**ECF**
**DOCUMENT**
I hereby attest and certify that this is a printed copy of a
document which was electronically filed with the United
States District and Bankruptcy Courts for the District of
Columbia.

ANGELA D. CAESAR, CLERK